presence of such party, is proposed to be given in evidence.  *People v. Barkas*, 255 Ill. 516.

Defendants offered certified copies of certain documents in a bankruptcy proceeding against Seiden in the District Court of the United States for the Southern District of New York.  The offer was rightfully denied on the grounds of irrelevancy and lack of proper authentication.

There is no evidence in the record either admitted or excluded which in any manner connects plaintiffs with the forgery of the check of defendants mailed to plaintiffs in payment of the account in suit.

There is no reversible error in the record and the judgment of the Municipal Court is affirmed.

*Affirmed.*

---

## Charles F. Hoff, Appellee, v. L. Gould & Company, Appellant.

### Gen. No. 21,789.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. HARRY M. FISHER, Judge, presiding.  Heard in this court at the October term, 1915.  Reversed with finding of fact.  Opinion filed April 10, 1916.

### Statement of the Case.

Action by Charles F. Hoff, plaintiff, against L. Gould & Company, defendant.

The evidence showed that the defendant is a wholesale dealer in wooden and willow ware and house furnishing goods in Chicago, and until July 6, 1909, owned and operated horses and wagons, etc., and used the same in the hauling of its goods.  On that day defendant discontinued doing its own teaming and sold all of its horses, wagons, harness and other teaming equipment to the plaintiff.  On the same day the parties en-

tered into a contract which provided *inter alia* that plaintiff should do all defendant's teaming work for a period of five years; that it should for that purpose furnish defendant six double and two single teams with wagons, drivers and other necessary adjuncts, for which plaintiff was to receive from defendant as compensation $1,000 on the first day of each month, during the life of the contract. There was also provision made for the supplying of additional teams as the exigencies of defendant's business might require. Among the material conditions of the contract, plaintiff agreed that during the term of the contract he would keep the wagons well painted, have defendant's name painted on them, and keep all the wagons, horses, harness, etc., in as good order and condition as the same were in when possession thereof was surrendered to plaintiff, and generally to carry on and conduct the teaming business incident to the business of defendant in a manner "satisfactory" to defendant. On failure of plaintiff to comply with the foregoing conditions in a manner "satisfactory" to defendant, the defendant might, on giving thirty days' written notice to plaintiff, declare the contract "forfeited and of no force or effect."

It was shown that plaintiff received the teaming outfit sold to him by defendant in first-class condition. The evidence showed that plaintiff kept the horses in an ungroomed condition; that the harness was not clean; that the wagons were not "well painted" or kept clean, but were habitually dirty; that there were many holes in the wagon covers, causing rain to percolate through and damage goods transported in such wagons; that, moreover, plaintiff's teamsters "loafed upon the job."

These conditions, when called to the attention of plaintiff, were not denied but excused. Plaintiff, in effect, replied on one occasion that he could not afford to live up to his contract. Defendant being dissatisfied

with conditions, availed of the right reserved by the contract to terminate it, and on February 13, 1913, gave plaintiff notice that the contract would be determined thirty days from that date. Since March 15, 1913, plaintiff has not done any teaming for defendant.

Action was brought on the ground that defendant wrongfully terminated plaintiff's contract, and to recover damages resulting to him from such alleged wrongful act. From a judgment for plaintiff for $2,916, defendant appeals.

CHYTRAUS, HEALY & FROST, for appellant.

CHARLES V. BARRETT, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 387*—*when evidence sufficient to show breach.* In an action on a contract, evidence examined and *held* to show that plaintiff had failed to carry out the contract in material and essential particulars in accordance with its conditions.

2. CONTRACTS, § 387*—*when evidence sufficient to show failure to perform contract in "satisfactory" manner.* In an action on a teaming contract which required that plaintiff should perform the contract in a manner "satisfactory" to defendant, evidence examined and *held* to show that plaintiff did not perform the contract in such manner.

3. CONTRACTS, § 312*—*what constitutes "satisfactory" performance.* Where a contract provides that it is to be performed in a manner "satisfactory" to one of the parties, the provision must be construed as meaning that the performance must be such that the party, as a reasonable person, should be satisfied with it.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.